# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-CR-0080-CVE |
| CESAR SAMANO, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Continue Trial Schedule (Dkt. # 14). Defendant requests a 30-day continuance of the jury trial currently set for July 16, 2012, and the government does not oppose defendant's motion. Defendant states that he would be executing a speedy trial waiver. See Dkt. # 14 at 3.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends-of-justice continuance should not

be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends-of-justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances of this case. Defendant's counsel states that there are almost 1,000 pages of discovery that need to be reviewed by counsel and defendant. Because defendant does not speak English, the contents of these documents will need to be translated before counsel can review them with defendant. In addition, further document production is expected. The Court finds that it would be unreasonable to expect defense counsel to translate and review this discovery in the time provided by the Speedy Trial Act. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendant's interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial

of all criminal cases, this interest must be balanced against the defendant's interest of having adequate time to prepare for trial. The defendant's interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Continue Trial Schedule (Dkt. # 14) is **granted**. The jury trial set for July 16, 2012 at 9:15 a.m. is **stricken**, and **jury trial is reset for August 27, 2012 at 9:15 a.m.** The scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | July 5, 2012 |
| Responses due: | July 19, 2012 |
| **PT/CP/Motions Hearing:** | **August 2, 2012 at 9:30 a.m.** |
| Voir Dire, Jury Instructions, and Trial Briefs due: | August 20, 2012 |
| **Jury Trial:** | **August 27, 2012 at 9:15 a.m.** |

**IT IS FURTHER ORDERED that the time between July 16, 2012 and August 27, 2012 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**DATED** this 22nd day of June, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE